IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 1:06-cr-212-WSD |
| VICTOR RAMIREZ ORDAZ<br>Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Victor Ramirez Ordaz's Objections to the Magistrate Court's Report and Recommendation of December 6, 2006 ("Objections") [30]. The Magistrate Judge's Report and Recommendation ("R&R") [28] was issued following a hearing [20] on Defendant's Motion to Suppress Statement [16]. In the suppression motion, Defendant seeks to exclude all statements made by Defendant to government agents, on the grounds that Defendant was not properly advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). At the August 24, 2006, suppression hearing, Defendant also claimed, for the first time, that there was no probable cause for his arrest, and thus any statements he later made in custody were not admissible.

Defendant was arrested during an immigration raid on his worksite conducted by the Department of Homeland Security. Defendant is alleged to have attempted to flee the worksite in a car, assaulting a federal officer in the process.

The Magistrate Judge recommends that Defendant's motion to suppress be denied. The Magistrate Judge found that Defendant had waived his right to raise the probable cause argument. Even if Defendant had not waived his probable cause argument, the Magistrate Judge found that the arrest was based on probable cause. The R&R further found that Defendant was properly advised of his <u>Miranda</u> rights and the statements he made regarding the alleged assault are admissible against him. The Magistrate Judge found specifically that Defendant was advised of his <u>Miranda</u> rights, in Spanish, before each interrogatory session, and that the questioning was conducted in an environment free of improper coercion .

Defendant objects to the R&R on the grounds that he "believes the R&R to be contrary to the law considering the facts in this case, evidence by the testimony and evidence introduced during the evidentiary hearings." (Objections at 1.) Defendant then "incorporates by specific reference the law and arguments made in his Post-Hearing Brief in support of his motions to suppress." (<u>Id.</u>) Defendant

does not offer any new cases or reasoning.  He simply states he disagrees with the results of the R&R and requests the Court to consider the arguments he made previously in his Post-Hearing Brief.

*Standard of Review*

After conducting a careful and complete review of a Magistrate Judge's findings and recommendations, a district judge may accept, reject or modify a Magistrate Judge's Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The district judge must "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990). Those portions of a Report and Recommendation to which an objection is not asserted are reviewed for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).[1]

---

[1] Defendant was ordered in the Order for Service of Report and Recommendation to "specify with particularity the alleged error(s) made [in the R&R] (including reference by page number to the transcript if applicable). [28].

*Discussion*

    1. <u>Probable cause argument</u>

Defendant first raised his probable cause argument at the suppression hearing. Defendant did not raise this argument in his intial Motion to Suppress. As the R&R notes, Defendant may have waived this argument by failing to raise it in his initial brief. <u>See</u>, <u>e.g.</u>, <u>United States v. Smith</u>, 416 F.3d 1350, 1352 n.1 (11th Cir. 2005). Assuming, however, that the argument has not been waived, the Court finds that it nonetheless fails.

A trial court "may refuse a defendant's . . . motion to suppress of the defendant fails to allege facts that, if proved, would require the grant of relief." <u>U.S. v. Richardson</u>, 764 F.2d 1514, 1526-27 (11th Cir. 1985). A suppression motion "must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." <u>Id.</u> at 1527. In other words, "[a] court need not act upon general or conclusory assertions founded on mere suspicion or conjecture . . ." <u>Id.</u>

---

The Objections essentially do not constitute objections and the Court finds no plain error in the Magistrate Judge's Report and Recommendation. Despite the Defendant's failure to fulfil his responsibility to assert proper objections, the Court nonetheless reviews the R&R *de novo*.

A magistrate judge in this district determined prior to the worksite raid that Defendant had committed the immigration offense detailed in the complaint and for which Defendant was arrested. The record shows further that, at the worksite, federal agents had a reasonable belief that Defendant had attempted to elude capture for the immigration offense, and in the process assaulted a federal agent using his car. "[T]he Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred." United States v. Goddard, 312 F.3d 1360, 1362 (11th Cir. 2002) (quotations omitted). The evidence presented at the suppression hearing sets forth two felonies that arresting agents had probable cause to believe that Defendant had committed.

Defendant fails to set forth a definite, specific, detailed, and nonconjectural argument that the arresting officers did not have probable cause. Defendant relies solely on the general and conclusory assertion that the government's failure to put the arresting officer on the stand at the suppression hearing should raise suspicion in the mind of the Court. This conjectural argument does not assert any fact which, if true, would should that the arresting officers did not have probable cause to effect the arrest. Defendant's probable cause challenge thus fails.

2. <u>Miranda warning argument</u>

Defendant next claims that he was not adequately informed of his <u>Miranda</u> rights.  Defendant was interviewed twice on April 19, 2006, in connection with the worksite raid: once early in the day by Agent Ledgerwood on the subject of his immigration status, and a second time in the afternoon by ICE Special Agents Streeter and McGlameryon the subject of the alleged assault.  Defendant claims the agents never advised him that he was under investigation for an assault, and that this failure to advise violated his <u>Miranda</u> rights.  As a result, Defendant argues, any statements he made regarding the assault cannot be introduced against him.  This argument is without merit.

Defendant was advised of his <u>Miranda</u> rights on April 19, 2006.  When he arrived at the Immigration and Customs Enforcement offices after his arrest at the worksite, Agent Ledgerwood read Defendant his <u>Miranda</u> rights, in Spanish, and Defendant acknowledged those rights in writing.  (Transcript of August 23, 2006, Hearing "T." at 9-12; Gov't Ex. 1.)  Defendant was advised that anything he said could be used against him.  Defendant does not claim to have been coerced or intimidated into acknowledging his rights.

Defendant was next interviewed by Special Agents Streeter and McGlamery. At the beginning of this interview, Special Agent Streeter, using a Spanish interpreter, reminded Defendant of his rights, and specifically advised Defendant, "I'd like to talk to you now about the actions that took place regarding you and the car at the IFCO place; are you willing to talk to me about these issues?" (T.46-47.) Defendant "acknowledged that he wanted to . . . answer [the] questions." ( Id. at 47.)  Defendant does not claim to have been coerced or intimidated into acknowledging his rights, or at any point during the second interview.

A defendant is not required to be advised of every crime about which he may be questioned when his rights are read to him.  Colorado v. Spring, 479 U.S. 564, 577 (1987) ("we hold that a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege.")

The record shows that Defendant was advised, clearly and without qualification, that anything he said could be used against him.  He was advised of his rights in Spanish before the first interview, and reminded of them before the second.  Both advisements were in Spanish, and Defendant acknowledged his

understanding and willingness to speak both times. The statements Defendant made after he was advised of his rights under <u>Miranda</u> are admissible against him.

*<u>Conclusion</u>*

The Court finds specifically that Defendant was arrested on probably cause and properly advised of his rights under <u>Miranda</u> . The statements he made to law enforcement officials, including to Special Agent Streeter, are admissible against him.

Accordingly,

**IT IS HEREBY ORDERED** that the Court adopts the Magistrate Judge's Report and Recommendation dated December 6, 2006, and that Defendant Victor Ramirez Ordaz's Objections to Magistrate Court's Report and Recommendation of December 6, 2006 ("Objections") [30] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statement [16] is **DENIED**.

**SO ORDERED** this 23rd day of January, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE